IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
ROBY M. WILSON,                        §
                                       §
            Plaintiff,                 §
                                       §
v.                                     §
                                       §   CIVIL ACTION NO. H-04-2641
KRBE RADIO, INC., KRBE FM              §
RADIO LIMITED PARTNERSHIP,             §
D/B/A RADIO STATION KRBE, and          §
SUSQUEHANNA RADIO CORP.,               §
                                       §
            Defendants.                §
```

**MEMORANDUM OPINION AND ORDER**

On May 5, 2005, the court entered a Memorandum Opinion and Order (Docket Entry No. 15) in which it granted defendants' motion for summary judgment and a final judgment (Docket Entry No. 16) in which it dismissed the claim for employment discrimination that plaintiff, Roby M. Wilson, alleged against defendants, KRBE Radio, Inc., KRBE FM Radio Limited Partnership, d/b/a Radio Station KRBE, and Susquehanna Radio Corporation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII).  Pending before the court is plaintiff's Motion for Rehearing (Docket Entry No. 18).

**I.   Standard of Review**

Citing Federal Rule of Civil Procedure 59(e), plaintiff urges the court to reconsider its order granting defendants' motion for

summary judgment. A Rule 59(e) motion "'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir.), cert. denied, 125 S.Ct. 411 (2004) (quoting Waltman v. International Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). However, a Rule 59(e) "motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. (citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." Id.

## II. **Plaintiff's Motion for Rehearing**

Plaintiff argues that the Memorandum Opinion and Order granting defendant's motion for summary judgment contains clear errors of law and that reconsideration is necessary to prevent manifest injustice. Plaintiff argues that the court erred in analyzing his evidence that defendants' stated reasons for his discharge were pretexts for discrimination and that sex was a motivating factor in defendants' decision to discharge him.

**A. Pretext**

Plaintiff argues that the court erred by using the two non-discriminatory reasons stated by defendants as reasons for plaintiff's discharge, i.e., poor job performance and disclosure of

-2-

client contact information to a competitor, to analyze whether plaintiff had presented evidence that raised a genuine issue of material fact for trial.[1]  Plaintiff argues that the court should, instead, have confined its analysis to the one reason stated by defendants for his discharge, i.e., "that he had zero dollars of off-air sales."[2]  Plaintiff's argument misapprehends the burden shifting analysis established in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), that courts use to analyze motions for summary judgment in discrimination cases based on circumstantial evidence.  See St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2746 (1993) (McDonnell Douglas and subsequent decisions have "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases.").

Following a plaintiff's presentation of a prima facie case, the burden shifts to the defendants to present evidence that the plaintiff was discharged for a non-discriminatory reason.  See Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2106 (2000) (citing Texas Dept. of Community Affairs v. Burdine, 101 S.Ct. 1089, 1094-1095 (1981)).  Defendant's burden at this stage of the analysis is merely one of production, and not one of

---

[1] Plaintiff's Motion for Rehearing, Docket Entry No. 18, pp. 1-2.

[2] Id. at p. 2.

persuasion, for "it can involve no credibility assessment." Id. (quoting St. Mary's Honor Center v. Hicks, 113 S.Ct. at 2748). The Supreme Court has said that

> the defendant need not persuade the court that it was actually motivated by the proffered reasons. . . It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. . . To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff's rejection. . . The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Placing this burden of production on the defendant thus serves simultaneously to meet the plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the plaintiff will have a full and fair opportunity to demonstrate pretext.

Burdine, 101 S.Ct. at 1094-1095 (citations omitted). See also Patrick v. Ridge, 394 F.3d 311, 317 (5th Cir. 2004) ("to meet its burden of production under McDonnell Douglas, an employer must articulate a nondiscriminatory reason with 'sufficient clarity' to afford the employee a realistic opportunity to show that the reason is pretextual").

The defendants have presented evidence that plaintiff was discharged for two reasons: (1) poor job performance, and (2) disclosure of client contact information to a competitor. Plaintiff does not cite and the court has not found any case that restricts defendants from producing evidence of a reason not stated

to the plaintiff or not stated in exactly the same words said to plaintiff on the day of discharge.  Accordingly, the court is not persuaded that it erred by using evidence that defendant discharged plaintiff for poor job performance and for disclosure of client contact information to analyze whether plaintiff had, in turn, presented evidence that raised a fact issue for trial.

    1.   <u>Poor Job Performance</u>

Plaintiff argues that the court erred when it concluded that

> . . . plaintiff has failed to offer evidence from which a jury could reasonably conclude that the Station's assertion it discharged him for the nondiscriminatory reason that he lacked off-air sales comparable to those of the Station's other account executives is either false or unworthy of credence,[3]

because he testified by affidavit that the "only reason [told to him] at the time of his termination was that he had zero dollars of off-air sales which was proven to be false."[4]  Plaintiff's argument that the court erred because he only needed to disprove the reason stated to him to raise a fact issue and did not need to disprove all the reason(s) stated to the court conflicts with the Fifth Circuit's requirement that plaintiffs in discrimination cases based on circumstantial evidence rebut each one of the defendant's nondiscriminatory explanations for the employment action at issue.

---

[3]Memorandum Opinion and Order, Docket Entry No. 15, p. 16.

[4]Plaintiff's Motion for Rehearing, Docket Entry No. 18, p. 2.

See Machinchick v. PB Power, Inc., 398 F.3d 345, 351 (5th Cir. 2005) (since a plaintiff advancing a discrimination claim using only circumstantial evidence must prove that discriminatory animus was the "determinative basis for his termination . . . the plaintiff [must] put forward evidence rebutting each one of a defendant's nondiscriminatory explanations for the employment decision at issue").

In Reeves, 120 S.Ct. at 2108, the Supreme Court held that a prima facie case coupled with evidence that a defendant's asserted reason for a plaintiff's discharge is false or unworthy of credence can -- in appropriate circumstances -- raise a fact issue for trial. Asserting that defendants told him he was being discharged because he had not booked any off-air sales during the second quarter, plaintiff argues that this reason is false because he had, in fact, made off-air sales during the second quarter. Although plaintiff admits that he had not booked any off-air sales during the second quarter, he argues that he was wrongly denied credit for off-air sales that he had, in fact, made because he coded them incorrectly and his female supervisors refused to correct his coding errors.

While substantive discrepancies between the reason(s) given to a plaintiff and the reasons proffered to the court for a plaintiff's discharge can constitute evidence of discrimination, see id., the court is not persuaded that the discrepancy between

the reason given to plaintiff on the day of his discharge (zero dollars of off-air sales booked in second quarter) differs substantively from the reason proferred to the court (poor performance evidenced by lack of off-air sales booked during the second quarter).

Moreover, in analyzing plaintiff's evidence of pretext the court accepted as true his assertion that he lacked credit for off-air sales made during the second quarter because his female supervisors refused to correct his coding errors. Nevertheless, the court concluded that plaintiff had failed to raise a fact issue for trial because he failed to present any evidence that contradicted the defendants' evidence that he failed to meet his budget for off-air sales, and that his off-air sales for the period from July of 2002 to July of 2003 totaled less than $20,000 while the off-air sales of other employees in his position for the same period averaged approximately $216,000.[5] Although plaintiff argues that defendants manipulated his sales figures to distinguish him from females in his position who similarly failed to meet their off-air sales budgets but were not discharged, he admits that he has no evidence to support this argument.[6]

---

[5] See Docket Entry No. 15, pp. 9-16.

[6] Plaintiff's Motion for Rehearing, Docket Entry No. 18, p. 3. See also Plaintiff's Deposition, Exhibit 1 attached to Docket Entry No. 11, at p. 228 (admitting that even if the off-air sales for which he contends he was wrongfully denied credit were added to the
(continued...)

Moreover, plaintiff does not contest defendants' assertions that he failed to serve any interrogatories or requests for admissions, that he failed to take any depositions, and that he failed to serve his first request for production until April 12, 2005 -- almost a month after defendants filed their motion for summary judgment and over nine months after he filed this lawsuit.[7] Since plaintiff has neither produced evidence that contradicts defendants' evidence that he was discharged for poor job performance evidenced by lack of off-air sales comparable to those of the Station's other account executives, nor demonstrated that if given the opportunity to continue discovery there exists a reasonable likelihood that he would discover evidence that contradicts this stated reason for his discharge, or that if such evidence does exist it could not have been discovered and presented to the court before it granted defendants' motion for summary judgment, the court concludes that plaintiff is not entitled to Rule 59(e) relief on these grounds.  See Templet, 367 F.3d at 479 (a Rule 59(e) "motion is not the proper vehicle for rehashing

---

[6](...continued)
Station's calculation of his annual off-air sales, he would still have been below quota, i.e., he would still have failed to satisfy the off-air sales goal that he acknowledges the Station set for him).

[7]Defendants' Response to Plaintiff's Motion for Rehearing, Docket Entry No. 19, p. 10.

evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment").

### 2. Disclosure of Client Contact Information

The court concluded in its Memorandum Opinion and Order that "plaintiff has failed to offer any evidence from which a reasonable jury could conclude that defendants' assertion that [the Station's General Manager, Mark] Shecterle decided to discharge plaintiff because he disclosed client contact information to [Tony] King[, a former employee working for a competitor,] is false or unworthy of credence."[8]  Although plaintiff now attempts to advance a number of arguments showing that this reason for his discharge is false or unworthy of credence, he fails to explain why he did not or could not have made these arguments before the court granted defendants' motion for summary judgment.[9]  Since motions for Rule 59(e) relief

---

[8] See Docket Entry No. 15, p. 19.

[9] See Plaintiff's Motion for Rehearing, Docket Entry No. 18, pp. 5-9, where plaintiff argues that the following evidence, all of which was available before the court entered judgment, shows that this reason for his discharge is false and/or unworthy of credence: (1) the e-mail that Sherry Dollar sent to Mark Shecterle reporting her discovery that plaintiff had been communicating with King about a station client that acknowledges defendants were in "countdown mode" shows that their decision to discharge him preceded their discovery of his disclosures; (2) defendants' decision to transfer two of his accounts to Phyllis Crowell in June of 2003 shows that the decision to discharge him was made at least a month before his communication with King in July of 2003; (3) the fact that his replacements started work on the Monday after he was discharged shows that they were hired long before his disclosures to King were discovered because defendants' hiring process took weeks and not
(continued...)

are not intended to provide parties an opportunity to present arguments or evidence that could have been made or presented prior to the entry of judgment, the court concludes that plaintiff is not entitled to Rule 59(e) relief on these grounds.  See id.

**B.  Motivating Factor**

Citing Machinchick v. PB Power, Inc., 398 F.3d 345, 350 (5th Cir. 2005), plaintiff argues that he has "additionally shown that he was 'otherwise discriminated against' on the basis of his gender and that a motivating factor for the discharge was . . . [his] protected trait."[10]  Since, however, plaintiff asserts that "[t]he issue on which [he] urges reconsideration centers on the [court's] finding of no pretext in the stated reason[s] for [his] termination,"[11] and since the court's Memorandum Opinion and Order addressed and rejected plaintiff's argument that his sex was a motivating factor in defendants' decision to discharge him,[12] the court concludes that there is no need to reconsider its conclusion that plaintiff failed to raise a genuine issue of material fact for trial on this theory.

---

[9](...continued)
days to complete; and (4) when defendants discharged him they failed to identify disclosure of client contact information to King as a reason for his discharge.

[10] Id. at p. 9.

[11] Id. at p. 12.

[12] Docket Entry No. 15, pp. 19-26.

### III. Conclusion and Order

For the reasons explained above, Plaintiff's Motion for Rehearing (Docket Entry No. 18) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 5th day of July, 2005.

                                    SIM LAKE
                      UNITED STATES DISTRICT JUDGE